USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/26/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AERO AG HOLDINGS, LLC,

                Plaintiff,

-against-

HUGGOES FASHION LLC (D/B/A AEROTHOTIC) AND MAHMOOD ALI,

                Defendants.

21-CV-9499 (VEC) (SLC)

OPINION AND ORDER

---

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 16, 2021, Plaintiff Aero AG Holdings, LLC ("Aero") sued Huggoes Fashion LLC ("Huggoes") and Mahmood Ali ("Ali") (collectively, "Defendants") for trademark dilution and infringement under federal and state law, *see* Compl., Dkt. 1;

WHEREAS on January 24, 2022, Defendants moved to dismiss or alternatively for transfer of venue for lack of personal jurisdiction and failure to state a claim, *see* Dkt. 36 (the "Motion to Dismiss");

WHEREAS on February 21, 2022, the parties began to exchange jurisdictional discovery, *see* Stipulation, Dkt. 50;

WHEREAS on April 5, 2022, the Court referred this case to Magistrate Judge Cave for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Am. Order, Dkt. 67; *see also* 28 U.S.C. § 636(b);

WHEREAS on April 29, 2022, Aero moved to amend the Complaint and to substitute Plaintiff Aero AG Holdings, LLC for Aero IP Holdings, LLC; the proposed amended complaint would add Aerosoft Footwear USA LLC ("Aerosoft") as a Defendant, *see* Dkt. 76 (the "Motion to Amend");

WHEREAS Defendants opposed the Motion to Amend, *see* Dkt. 84 (the "Opposition" or "Opp.");

WHEREAS on July 5, 2022, Judge Cave issued a Report and Recommendation (the "R&R") recommending that the Motion to Amend be denied and Defendants' Motion to Dismiss be denied as moot, Dkt. 89;

WHEREAS on August 5, 2022, Plaintiff objected to the R&R, *see* Dkt. 93 ("Pl. Obj." or the "Objection"), and on August 26, 2022, Defendants responded to the Objection, *see* Dkt. 95 ("Defs. Resp.");

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS the Court may accept the portions of an R&R to which no party objects if "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS the Court need not consider arguments contained in an objection that were not raised initially before the magistrate judge, *see Robinson v. Keane*, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); and

WHEREAS when specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997), but such objections "may not simply regurgitate the original briefs to the magistrate judge," *Hernandez v. City of New York*, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (citation omitted). To the extent that the party "simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also O'Callaghan v. N.Y. Stock Exch.*, 2013 WL 3984887, at *1 (S.D.N.Y. Aug. 2, 2013) (collecting cases), *aff'd*, 563 F. App'x 11 (2d Cir. 2014).

IT IS HEREBY ORDERED that, after a careful review of the R&R, the parties' submissions and the record,[1] the Court overrules Aero's objections; the R&R is adopted in part and modified in part.[2] Judge Cave recommends denying Plaintiff's Motion to Amend because it is futile in light of the lack of personal jurisdiction over Defendants Huggoes, Ali, and the proposed new Defendant, Aerosoft. R&R at 28. Aero objects, arguing that (1) Judge Cave "erroneously went against Second Circuit precedent" by concluding that exercising personal jurisdiction over Huggoes and Aerosoft would violate due process, and (2) that Judge Cave erroneously found that the Proposed Amended Complaint failed to allege personal jurisdiction over Ali pursuant to New York's long-arm statute. Pl. Obj. at 8.

When a defendant challenges personal jurisdiction on the pleadings and before discovery, "the plaintiff need show only a prima facie case" that personal jurisdiction exists. *King Cnty.,*

---

[1] The Court presumes the parties' familiarity with the factual and procedural background of the case, both of which are thoroughly set forth in the R&R. *See* R&R at 2–12.

[2] The R&R also addressed whether the Proposed Amended Complaint adequately stated a cause of action. R&R at 29–41. Because the Court agrees that it lacks personal jurisdiction over Defendants, the Court need not address Judge Cave's recommendations relative to whether the causes of action were adequately alleged.

*Wash. v. IKB Deutsche Industriebank, AG*, 769 F. Supp. 2d 309, 313 (S.D.N.Y. 2011) (quoting *Volkwagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984)). By contrast, when a defendant challenges personal jurisdiction after the completion of jurisdictional discovery, the "plaintiff's *prima facie* showing . . . must include an averment of facts that, if credited by the ultimate trier-of-fact, would suffice to establish jurisdiction over the defendant." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citation omitted). In other words, following jurisdiction discovery, "[c]onclusory allegations are insufficient." *King Cnty.*, 769 F. Supp. 2d at 313. "A plaintiff must carry [t]his burden with respect to each defendant individually." *See In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant.").

This Court must employ a two-step analysis to determine whether it can exercise personal jurisdiction over a non-domiciliary defendant. *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015). First, the Court must determine whether a defendant's actions come within the reach of New York's long-arm statute — here, N.Y. C.P.L.R. § 302(a). *See Chloé*, 616 F.3d at 163–64 (looking first to the long-arm statute of New York, the forum state); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). If the state's long-arm statute is satisfied, then the Court must determine whether exercising "personal jurisdiction comports with the Due Process Clause." *Chloé*, 616 F.3d at 164. The due process inquiry involves asking whether Plaintiff adequately alleged that each Defendant has "certain minimum contacts" with the forum state and then determining whether the exercise of jurisdiction is reasonable under the circumstances. *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citation omitted).

Aero objects to the recommendation that this Court conclude that exercising personal jurisdiction over Huggoes and Aerosoft would violate due process. After *de novo* review, the Court agrees with Judge Cave's findings and recommendation.[3] After determining that Aero had sufficiently alleged personal jurisdiction under New York's long-arm statute, Judge Cave correctly recited step two of the analysis, which asks whether exercising personal jurisdiction comports with due process.[4] *See* R&R at 25 (citing the five *Asahi* factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies."). Judge Cave found that Aero failed to demonstrate that the exercise of personal jurisdiction over Huggoes and Aerosoft would comport with due process. *See id.*

---

[3] The Court notes that Aero's Motion to Amend failed meaningfully to address the due process inquiry at all. *See* Pl. Mem. of Law at 8–10, Dkt. 79 (arguing only that personal jurisdiction exists under New York's long-arm statute); Pl. Reply at 2–5, Dkt. 87 (misstating Plaintiff's burden as requiring only that Plaintiff "demonstrate that Defendants transacted business within New York . . . and that its claims arise from that business"). In other words, Aero waited until filing its Objection before arguing that exercising personal jurisdiction over Defendants would comport with due process. *See* Pl. Obj. at 9–10 (arguing that the New York citizenship of Aero's proposed predecessor-in-interest, Aero IP, alters the outcome of the due process analysis). "Objections generally may not include new arguments 'that were not raised, and thus were not considered, by the magistrate judge.'" *Hernandez*, 2015 WL 321830, at *2 (quoting *Jackson v. Brandt*, 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012)); *see also Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) ("A motion referred to a magistrate judge is not a trial run.") (cleaned up); *Robinson*, 1999 WL 459811, at *4. Nevertheless, the Court agrees with Judge Cave's findings even after *de novo* review.

[4] Neither party objects to Judge Cave's finding that Huggoes and Aerosoft have sufficient contacts with New York to satisfy the state's long-arm statute; *see* Defs. Resp. at 11–17; Pl. Obj. at 8; therefore, the Court reviews that finding for clear error. *See Heredia*, 473 F. Supp. 2d at 463 (quoting *Nelson*, 618 F. Supp. at 1189). Aero's allegations include, *inter alia*, that Defendants "shipped at least three dozen orders" of allegedly infringing footwear to New York customers between January 23, 2021 and March 1, 2022, and engaged in other related activities directed at the state of New York. *See* R&R at 17–20. Upon careful review, the Court finds no clear error in Judge Cave's finding that both Huggoes and Aerosoft have sufficient contacts with the state of New York to bring them within the state's long-arm statute under CPLR § 302(a)(1). Likewise, the Court finds that Aero has adequately alleged that Defendants have sufficient minimum contacts with the state of New York.

Aero alleges that Aero IP, Aero's successor-in-interest, acquired Aero through an asset purchase agreement on or about January 16, 2022, a few days before Defendants moved to dismiss the complaint. *See* Pl. Mem. of Law at 15.[5] Aero argues that Judge Cave failed to consider Aero IP as the Plaintiff for purposes of the due process analysis. Pl. Obj. at 9–10. Aero argues that, had Judge Cave considered the interests of Aero IP, a Delaware entity with its principal place of business in New York, Solomon Decl. Ex. A ¶ 4, Dkt. 78-1, Proposed Amended Complaint (hereinafter, the "PAC"), the outcome of the factor-based test would have "overwhelming[ly] support[ed]" the Court's exercise of personal jurisdiction over Defendants, Pl. Obj. at 10.

As an initial matter, Aero's claim that Judge Cave failed to consider Aero IP at all in her due process inquiry is simply incorrect. *See* R&R at 26 ("[W]hile Aero IP, whom Aero seeks to substitute as a Plaintiff, has a principal place of business in New York City, Aero IP, like Aero, is a Delaware limited liability company."); *see also id.* at 42–44 (recommending that the Court grant leave to substitute Aero IP as Plaintiff if it finds that it has personal jurisdiction over Defendants). Even if Judge Cave had, however, failed to account for Aero IP's citizenship for purposes of analyzing personal jurisdiction, the Court nonetheless agrees with the outcome of Judge Cave's recommendation on *de novo* review.

First, as Judge Cave correctly pointed out, the first factor in the due process analysis (the burden on Defendants in litigating an out-of-state suit) weighs slightly in favor of Defendants. *See* R&R at 25–26. Aero argues that Aero IP would be burdened by having to bring its claim in Texas, Pl. Obj. at 10, but that argument fails to address the burden on *defendants* in having to

---

[5] Defendants initially filed their motion to dismiss on January 20, 2022; the motion papers were stricken for improper filing and Defendants re-filed the motion on January 24, 2022. *See* Order, Dkt. 35.

6

defend themselves in New York. Thus, Aero's argument that the "generalized inconveniences" Huggoes and Aerosoft would face litigating this action in New York are less than the "marginally greater inconvenience for Plaintiff to have to bring this action in Texas" is unpersuasive, and it misstates the inquiry as one that compares the burden imposed on *both* parties. *See Porina v. Marward Shipping Co.*, 2006 WL 2465819, at *8 (S.D.N.Y. Aug. 24, 2006). Meanwhile, Aero has not refuted Defendants' arguments that neither Huggoes nor Aerosoft has any employees, property, bank accounts, or operations in the state of New York, nor has Aero alleged anything to the contrary. *See* Defs. Mem. of Law at 14, 22, Dkt. 37; *see generally* Pl. Mem. of Law.

Aero also argues that the second factor, the interest of the forum state, weighs in favor of exercising personal jurisdiction over Defendants because New York "has an interest in hearing a dispute alleging trademark infringement occurring within its borders." Pl. Obj. at 11. Although organized under the laws of Delaware, Aero argues that New York is home to Aero IP's members and the company's principal place of business, thus favoring personal jurisdiction. *Id.* Aero may be correct in that New York has a general interest in adjudicating a New York resident's dispute, but the Court agrees with Judge Cave's finding that this interest is diminished when considering Delaware's interest as the forum in which both Aero and Aero IP are organized, or Texas's interest as the home to all Defendants and the state from which Defendants allegedly shipped infringing products. *See* Pl. Obj. at 5–6, 8; PAC ¶¶ 5–7, 10–13. Moreover, given Defendants' acknowledgement that major national retailers that sell their footwear accept orders from anywhere in the United States, including New York, Pl. Obj. at 5–6, it is unclear to the Court why New York would have a greater interest than any other state in adjudicating a violation of federal trademark law.[6]

---

[6] Aero has also alleged violations of New York trademark law, N.Y. Gen. Bus. L. § 360-k, and common law claims of trademark infringement and unfair competition. R&R at 29. Although New York law is, therefore, at

In considering the third and fourth factors (the interests of Plaintiff and the interstate court system in the efficient adjudication of this trademark dispute), the Court again agrees with Judge Cave's recommendation. In evaluating these factors, courts consider the location of documents, evidence, and witnesses. *Sherwin-Williams Co. v. C.V.*, 2016 WL 354898, at *5–6 (S.D.N.Y. Jan. 28, 2016). Aero argues that New York "provides the most effective and convenient forum" because Aero IP maintains its principal place of business in the forum state and "many key witnesses, including purchasers of the allegedly infringing products, are located in New York." Pl. Obj. at 11. But as Judge Cave noted, Aero has not explained why New York is any more convenient than the alternatives. *See Sherwin-Williams*, 2016 WL 354898, at *6; R&R at 27. Specifically, Aero, Aero IP's predecessor-in-interest and the current plaintiff in this case, maintains a principal place of business in the District of New Jersey, which is also the forum in which Aero has been litigating similar issues against Aerosoft since November 2020. *See* PAC ¶ 9; *id.* Ex. E, Dkt. 84-5 (docket sheet for *Aero AG Holdings, LLC v. Summit Footwear Co.*, No. 20-cv-16655). Thus, the interests of Plaintiff and the interstate court system in the efficient adjudication of this trademark dispute are better served if the action were brought in that district. *See, e.g.*, *Eldesouky v. Aziz*, 2014 WL 7271219, at *9 (S.D.N.Y. Dec. 19, 2014) ("The third and fourth factors also favor jurisdiction because Plaintiffs have an interest in resolving their claims against [Defendants] in a single proceeding, as does the interstate court system have an interest in their efficient adjudication."). A more efficient resolution could also be had in Texas, where Defendants operate their business, Defendants' employees reside, and where

---

issue, there is no reason that a federal court sitting in any other state would be less adept at adjudicating those state and common law claims than this Court. *See Johnson v. Costco Wholesale Corp.*, 2021 WL 3128236, at *4 (S.D.N.Y. July 23, 2021) (a court's "[f]amiliarity with the governing law . . . is generally given little weight in federal courts"); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

Defendants would not contest personal jurisdiction.  *See* Ali Aff. ¶ 10, Dkt. 37-1; *see also* R&R at 26–27.  Moreover, the fact that Defendant Ali, the alleged "mastermind" behind the allegedly infringing sales, operates the business from his home in Texas further undermines Aero's arguments that documents and witnesses will mostly be in New York.  *See* PAC ¶¶ 10–12, 55 (alleging that Ali: is "the president and a shareholder" and "controls the[] day-to-day operations" of both Huggoes and Aerosoft; signed a Texas Secretary of State filing that records Aerothotic "as an assumed name for Huggoes Fashion LLC;" and is a 50% owner of Huggoes whose home address is listed as Huggoes' business address on the Texas Certificate).

Finally, as to the fifth factor — the shared interest in furthering a substantive social policy — Aero has failed to address how a New York forum would protect trademark rights any more than, say, a New Jersey or Texas forum.  *See* R&R at 27–28.  Although Aero argues that this factor weighs in favor of personal jurisdiction because it has alleged New York trademark claims in addition to its federal and common law claims, there is no reason to believe that any other federal court would be less able to decide claims arising under New York state law.  Indeed, federal courts are routinely called upon to hear disputes and decide cases arising under the laws of states outside the forum.  *See Johnson*, 2021 WL 3128236, at *4 (a court's "[f]amiliarity with the governing law . . . is generally given little weight in federal courts").

In short, after *de novo* review, the Court adopts Judge Cave's recommendation and finds that the Court lacks personal jurisdiction over Defendants Huggoes and Aerosoft.

Next, Aero objects to Judge Cave's recommendation that this Court conclude that it lacks personal jurisdiction over Defendant Ali under New York's long-arm statute.  Pl. Obj. at 14.  The Court reviews this recommendation *de novo*.  Section § 302(a) provides that "a court may exercise personal jurisdiction over any non-domiciliary, . . . who in person or through an agent: []

transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" N.Y. C.P.L.R. § 302(a)(1).  Put simply, "the defendant must have transacted business within the state[,] and [] the claim asserted must arise from that business activity."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).

Aero argues that Judge Cave erred in her recommendation because Ali is the president and a shareholder of Huggoes and Aerosoft, "both of which are small, six-employee companies;" in that capacity, he "shares in their profits, acts as their president/manager, directs their sales and distribution of the allegedly infringing footwear, and runs and otherwise controls both companies out of his home," allegations which Aero argues "make it more than plausible that Ali was involved in both companies' sale of infringing products into New York."  Pl. Obj. at 8, 14.  Accordingly, Aero argues that Ali exercised a "substantial degree of control over" Huggoes' and Aerosoft's transactions in New York such that he should be subject to personal jurisdiction here. *Id.* at 14.

The Court disagrees.  None of Aero's allegations regarding Ali, who allegedly operates both Huggoes and Aerosoft out of his personal home in Texas, *id.* at 14 (citing PAC ¶¶ 10–12, 45, 97–106), demonstrates that Ali was personally involved with any transaction in New York that gives rise to Aero's claims.  Instead, Aero has made only conclusory allegations that Ali, as "president and owner" of Huggoes and Aerosoft, "directed the sales and distribution" of allegedly infringing products.  PAC ¶¶ 55–56; Pl. Obj. at 14.  These allegations fall far short of the long-arm statute's requirement that Aero connect Ali with a single "purposeful transaction" directed at New York.  *See Licci*, 732 F.3d at 168.[7]  In short, Aero urges the Court to confer

---

[7] Although the Court agrees with (and no party objects to) Judge Cave's recommendation that New York's long-arm statute extends to Huggoes and Aerosoft, Aero nonetheless has "fail[ed] to connect Ali with any act that Huggoes or Aerosoft purposefully directed at New York."  R&R at 21.  In other words, other than Ali's title and ownership status, Aero has not alleged how Ali exercised control over the companies sufficient to confer personal

personal jurisdiction over an individual defendant, despite not having alleged any facts tying that Defendant to New York, other than facts related to his status as co-owner and president of Huggoes and Aerosoft.

Nor does Aero point the Court to any distinguishing case law that would cast doubt on Judge Cave's findings. Aero urges the Court to look to two unpublished opinions as examples of situations in which courts exercised personal jurisdiction over "individual defendants based solely on allegation[s]" that "as officers, shareholders and directors of the corporate defendants," they "profited from those entities' sales of infringing products into New York." *See* Pl. Obj. at 14–15 (citing *Time Prods. v. J. Tiras Classic Handbags, Inc.*, 1994 WL 363930 (S.D.N.Y. July 13, 1994) and *Mola, Inc. v. Kacey Enters.*, 2011 WL 3667505 (W.D.N.Y. Aug. 21, 2011)). The Court disagrees. *Time* denied a motion to dismiss before jurisdictional discovery, in part because it was not plaintiff's burden "at the pleading stage" to "establish[] the existence of jurisdiction over the defendants . . . [a]bsent an evidentiary hearing on the jurisdictional allegations." *See Time Prods.*, 1994 WL 363930 at *7.[8] By contrast, Aero had the benefit of jurisdictional discovery, and nonetheless has failed to carry its burden of establishing personal jurisdiction over Ali. The *Mola* case is also distinguishable. *Mola* assumed that the "sole owner" of the corporate defendant, of which he and his wife were the only employees and members, was directly involved in the alleged conduct at issue. 2011 WL 3667505, at *4. By contrast, Aero asserts that there is personal jurisdiction over a part-owner of two distinct LLCs that employ six individuals

---

jurisdiction over him under an agency theory. *See, e.g.*, *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 328–29 (S.D.N.Y. 2015).

[8] The *Time* decision also hinged on a section of the long-arm statute not applicable here: Section 302(a)(3) (conferring personal jurisdiction over a non-domiciliary if it "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered[] in the state"). C.P.L.R. § 302(a)(3)(i); *Time Prods.*, 1994 WL 363930 at *7. Aero has not argued that Section 302(a)(3) applies here.

each. *See* Pl. Obj. at 14. Even if *Mola* were persuasive, the bulk of more recent authority in this Circuit cuts the other way. *See, e.g.*, *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 526 (S.D.N.Y. 2015) (allegations that individual officer "controlled the day-to-day operations" of corporate defendant and "had personal involvement . . . in the decision making relating to" the tort at issue were insufficient to confer personal jurisdiction under a veil-piercing theory); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 1995 (E.D.N.Y. 2018) (allegations based solely on individual defendant officers' positions in the company insufficient for personal jurisdiction).

In the alternative, Aero argues that it should be granted leave to take more jurisdictional discovery, *see* Pl. Obj. at 16, but it provides no basis for its belief that further discovery would yield any evidence that would establish Ali's contacts with New York. Rather, Aero blames its own "inability to allege further detail regarding Ali's specific involvement" in the sales in New York on "Defendants' decision to unilaterally limit the scope of jurisdictional discovery and Magistrate Judge Cave's refusal to order Defendants to fully participate in same." *Id.* The Court is not swayed by Aero's finger-pointing. The parties have already conducted jurisdictional discovery; Aero has already been heard on its claim that Defendants impermissibly limited the scope of that discovery, and its arguments were rejected. *See* Order, Dkt. 72. The Court sees no reason to grant Aero's request for a second bite at that apple.

IT IS FURTHER ORDERED that, for the foregoing reasons, the Court adopts Judge Cave's R&R in part; Aero's motion to amend the complaint is DENIED. The Court, however, modifies the R&R to the extent it recommends denying Defendants' motion to dismiss as moot. When faced with an amended complaint, a court may "either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (collecting

cases).  Because Judge Cave evaluated the motion to dismiss considering the facts alleged in the proposed amended complaint and recommended the Court find that Plaintiff failed to establish personal jurisdiction, a recommendation adopted by this Court, the Court hereby modifies the R&R and grants Defendants' Motion to Dismiss.

    IT IS FURTHER ORDERED that this case is DISMISSED without prejudice for lack of personal jurisdiction over any Defendant.

    The Clerk of Court is respectfully directed to close the open motions at docket entries 36 and 76.

**SO ORDERED.**

Date:  **September 26, 2022**
      **New York, New York**

                                      **VALERIE CAPRONI**
                                      **United States District Judge**